JAMES G. BENNETT *v.* STATE.

[55 South. 482.]

1. CRIMINAL LAW. *Appeal. Hearing in supreme court. Rules of court.*
  Rule 23 of the supreme court provides that "the docket of criminal cases for the whole state shall be taken up on the second Monday after the Monday fixed by law for calling the docket for each district. Under this rule where a case was not on the docket for trial when the final call of the criminal docket for the session ended, it cannot be placed there, but will be continued until the court returns to the criminal docket for another trial of same.

2. SAME.
  This rule is not in violation of section 72, Code 1906, which provides that "the return day in the supreme court for all criminal cases no matter from what court or county or district appealed, is the Monday of any term first after the expiration of twenty days from the date of taking the appeal, "the court having the right to make rules for the efficient, orderly and systematic conduct of the business of the court.

APPEAL from the circuit court of Yazoo county.
HON. W. A. HENRY, Judge.

J. G. Bennett was convicted of bigamy and appeals. Motion for hearing at present term of court.

*Barbour & Henry* and *E. L. Brown,* for motion.

*Carl Fox,* assistant attorney-general, *contra.*

MAYES, C. J., delivered the opinion of the court.

In this appeal the record was filed in this court on June 5, 1911, and we are asked, by motion, to take up this case for final determination at the present sitting of the court. It appears from the record that J. G. Bennett was tried and convicted in the circuit court of Yazoo county on the charge of bigamy. The indictment was

returned and filed on April 26, 1911, and the trial con-
cluded on May 20th, and on this date an appeal was taken
to this court. The record shows that the stenographer's
notes were prepared and filed in the office of the circuit
clerk of Yazoo county on May 27th, approved by counsel
on May 29th, the record made up by the clerk and ready
to be transmitted to this court on June 2d, reaching this
court and being filed on June 5th. At the time the record
was filed in this court all calls for the civil and criminal
docket for the entire session of the court were over, and
all cases not then on the docket and ready for hearing
stand continued until the next regular call. Rule 23 of
this court (50 South. 8) provides that: "The docket of
criminal cases for the whole state shall be taken up on
the second Monday after the Monday fixed by law for
calling the docket for each district." Under the above
rule the final call of the criminal docket for this session
ended on May 31st. The present case was not then on
the docket for trial and cannot be placed there. The re-
turn day is one thing, and the time fixed by the rule of
the court for the hearing of the case after it reaches the
docket and becomes subject to hearing is quite another
thing.

It is insisted by counsel for appellant that under sec-
tion 72, Code 1906, they have a right to have this case
heard at this sitting of the court. Section 72 is as fol-
lows, viz.: "The return day in the supreme court for
all criminal cases, no matter from what court or county
or district appealed, is the Monday of any term first
after the expiration of twenty days from the date of
taking the appeal." It is contended that under this sec-
tion this court is required to hear any criminal case on
any Monday of any term first after the expiration of
twenty days from the date the appeal is taken. If this
contention is correct, the court is powerless to make rules
for the efficient, orderly, and systematic conduct of the
business of the court. Under the present rule of the

court the criminal docket for the entire state is called six times each year. It is called three times during the first term of the court, as fixed by section 4901 of the Code, and three times in the second. When on call of each district, as required by section 4902, a part of the time is set aside for the hearing of the criminal docket of the entire state. Section 72 does not preclude this court from adopting rules for the orderly and systematic hearing of the criminal docket, or for fixing a date after the return day at which a call for the criminal docket will be made. Section 72 of the Code is intended to expedite the hearing of criminal cases, but does not make it imperative on the court to hear on every return day the criminal cases, or take away from the court the power to fix stated periods during the terms of the court for the taking up of the criminal docket. If the return day of any criminal case is on any Monday after the time fixed by rule of the court for the call of the criminal docket, the hearing of the case is necessarily carried over until the next call. Under section 72 a cause is on the docket ready for trial on the Monday first after the expiration of twenty days from the date of taking the appeal. By section 4914 of the Code this court is given the power to make rules of practice and proceeding necessary and proper for certainty and dispatch of business, when such rules are consistent with law. The rule of the court fixing the time for the hearing of the criminal docket is not only within the power of the court and consistent with law, but it is necessary to enable the court to properly handle the business before it. The rule is designed for the purpose of having frequent and certain times for the general call of the criminal docket. It is designed to prevent confusion, for the purpose of accomplishing justice to both the civil and criminal litigants. Some individual hardships may result from the rule, but this is true of almost any law that may be enacted or rule that may be adopted. The generality of litigants,

both civil and criminal, have their welfare and convenience advanced by the rule in question. If we had no power to make the rule, every Monday would be criminal call. No certainty would attend the hearing of civil cases whatever. The practice of the court as now controlled has been the practice since the Constitution of 1890, and since the Code of 1892, in which Code appears for the first time the section under review. Rule 23 of the court fixes the time for taking up the criminal docket for hearing for the second Monday after the Monday fixed by law for calling the docket of each district.

All criminal cases on the docket ready for hearing on the day of the term fixed by the rule for the taking up of the criminal docket, will be tried by the court. All other criminal cases placed upon the docket after that time, regardless of return day, as fixed by section 72 of the Code of 1906, will be continued until the court returns to the criminal docket for another trial of same. In this case the record was not filed until after the call of the docket as fixed by the rule, and the motion for hearing is denied, and cause continued for hearing at next regular call of criminal docket, in October, 1911.

So ordered.